IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENN H. OLAY,<br>　　　　　Plaintiff,<br>　　v.<br>……………………………………….. | Civil Action No. 04-266 Erie |
| HENRY M. HEARNE,<br>　　　　　Plaintiff,<br>　　v.<br>……………………………………….. | Civil Action No. 04-276 Erie |
| PAUL L. PLYLER,<br>　　　　　Plaintiff,<br>　　v.<br>……………………………………….. | Civil Action No. 04-277 Erie |
| WILLIAM F. LUNDER,<br>　　　　　Plaintiff,<br>　　v.<br>……………………………………….. | Civil Action No. 04-278 Erie |
| LYNN A. RHODES,<br>　　　　　Plaintiff,<br>　　v.<br>……………………………………….. | Civil Action No. 04-279 Erie |
| TERRY K. ROCKWELL,<br>　　　　　Plaintiff,<br>　　v.<br>……………………………………….. | Civil Action No. 04-280 Erie |
| MOTION CONTROL INDUSTRIES,<br>DIVISION OF CARLISLE CORPORATION,<br>RETIREMENT PLAN FOR BARGAINING<br>UNIT EMPLOYEES OF MOTION<br>CONTROL INDUSTRIES, DIVISION OF<br>CARLISLE CORPORATION, | Judge Maurice B. Cohill, Jr. |

Defendants.

**AFFIDAVIT OF ROBERT A. EBERLE, ESQUIRE**

I, ROBERT A. EBERLE, Esquire, hereby make this Affidavit based on my personal information, knowledge and belief, as follows:

1.   I am an adult citizen of the United States and a resident of the Commonwealth of Pennsylvania. I am an attorney licensed to practice in the Commonwealth of Pennsylvania since December 1986. I am admitted to the Bar of the United States District Court for the Western District of Pennsylvania and the Bar for the United States Court of Appeals for the Third Circuit. I have been with the law firm of Jubelirer, Pass & Intrieri, P.C. since June 1989. I make this Affidavit in connection with my representation of Plaintiffs Glenn H. Olay, Henry M. Hearne, Jr., Paul L. Plyler, William F. Lunder, Lynn A. Rhodes, and Terry K. Rockwell.

2.   In approximately 2003 my firm and I were retained to represent IUE/CWA Local 502 ("Local 502") regarding its collective bargaining relationship with Motion Control Industries ("Motion Control") for the Ridgway, Pennsylvania facility. At the time we were retained, Motion Control had already closed the Ridgway facility and the parties had undergone extensive effects bargaining over the closure. Motion Control was represented by Attorney Richard A. Perhacs, who is a member of the firm that currently represents Motion Control and the Retirement Plan.

3.   Once I began to represent Local 502, Motion Control and Local 502 continued their effects bargaining. That process did not ultimately produce any agreement between the parties. I continued to have contact with Attorney Perhacs throughout 2003 and 2004 regarding various issues that arose in connection with the effects bargaining process.

4.   At some point in late 2003 Local 502 referred various of its members to me on an individual basis. This included Donald Davido, Glenn Olay, Terry Rockwell and Henry Hearne. Each of these individuals expressed to me the belief that he was entitled to a disability retirement benefit from the Retirement Plan. Davido had applied for such a benefit and had been awarded benefits for a period of two months, but then the Plan terminated his benefits. Rockwell, Olay

and Hearne had attempted to obtain applications for benefits from the Motion Control administrative office, which was the entity designated by the Plan to process such requests, but in each case the Motion Control representative told them that they were not entitled to a disability pension benefit. According to each of them, the Motion Control administrative Office would not even forward an application form so that they could commence the process. I later learned that another future plaintiff, Paul Plyler, had received a written statement from the Plan that he was not entitled to a disability pension benefit because his employment had not ended due to his disability.

5. Based on these contacts, I spoke to Attorney Perhacs. I explained that I was seeking an explanation for why these individuals had not received disability pensions and why some of them could not even get an application form to fill out. Attorney Perhacs suggested that I put my inquiry in writing to him with specific details, and he indicated that he would review the inquiry with the appropriate individuals. I agreed to do so.

6. I then sent Attorney Perhacs a letter dated March 23, 2004. Inasmuch as this letter was written on behalf of individual clients rather than Local 502, I corresponded separately on the subject of disability pensions. I specifically identified Messrs. Rockwell and Davido because by that time I was retained to represent them. [Mr. Davido passed away suddenly in July 2004.]

7. In response to my letter of March 23, 2004, I received a letter dated April 20, 2004 from Attorney Perhacs.

8. Subsequent to receiving the letter dated April 20, 2004, I instructed Davido and Rockwell to again request an application form for a disability pension benefit. Davido and Rockwell informed me that they had each followed my instructions and had been informed by Motion Control that they would not even be provided with an application form.

9. Once I was informed by Davido and Rockwell that they had again requested application forms and been denied, I sent a follow-up letter dated May 24, 2004 to Attorney Perhacs. I have never received any response to that letter.

10. In the course of my representation of Local 502, I represented Local 502 in a labor arbitration matter with Motion Control involving a dispute over the payout of accrued unused vacation benefits for the employees at Ridgway subsequent to the plant closing. That arbitration case (designated Grievance No. 41) was heard on March 11, 2003 by Arbitrator Matthew M. Franckiewicz, who issued his Opinion and Award on June 24, 2003.

11. Vacation benefits under the Motion Control/Local 502 Agreement were accrued and paid out based on the employee's anniversary year. For Glenn Olay, whose hire date was July 31, he earned vacation based on meeting the annual requirements of time worked between July 31 and July 30 of the next year, and the vacation he earned would be available for him to take after July 30. For each of the other plaintiffs, the annual vacation benefits were based on that individual employee's anniversary-of-hire date.

12. In the arbitration of Grievance No. 41, Motion Control asserted that employees were not entitled to accrue any additional vacation benefits for the period between their last anniversary-of-hire date and the date of the plant closing. Local 502 took the position that employees were entitled to these amounts, and in support thereof Local 502 introduced a schedule of vacation benefits owed to bargaining unit employees (including all of the plaintiffs in this litigation), a true and correct copy of which is attached to Plaintiffs' Appendix to Concise Statement of Material Facts as Exhibit 11. That schedule indicates the amount of accrued vacation benefits that would be owing to each of the laid-off Ridgway employees, including each of the plaintiffs in this litigation.

13. Arbitrator Franckiewicz sustained Grievance no. 41 and ordered Motion Control to pay accrued vacation benefits to each of the laid-off employees, including each of the plaintiffs in this litigation, based on the number of accrued vacation hours as of March 16, 2002. Those payments were made by Motion Control and received by the individuals in the latter half of 2003. The plaintiffs had accrued vacation hours as of that date as follows:

> William F. Lunder – 184 hours ($3,036.00)
>
> Terry K. Rockwell – 240 hours ($4,080.00)
>
> Charles D. Wilson – 40 hours (695.20)
>
> Henry M. Hearne – 144 hours ($2,001.60)
>
> Lynn A. Rhodes – 64 hours ($1,078.40)
>
> Paul L. Plyler - 224 hours ($3,662.40)
>
> Glenn H. Olay – 152 hours ($2,257.20)

Arbitrator Franckiewicz' Opinion and Award is attached to the Appendix as Exhibit 10.

14. To the best of my knowledge, each plaintiff received in 2003 the above-listed pay for vacation benefits earned during the period between the plaintiff's last anniversary-of-hire date and the plant closing.

_____
Robert A. Eberle

Before me, the undersigned officer, personally appeared ROBERT A. EBERLE, ESQUIRE, who being duly sworn according to law, deposes and states that the facts set forth in the foregoing AFFIDAVIT are true and correct to the best of his knowledge, information and belief.

Sworn to and subscribed before me
this ___31st___ day of March, 2006.

_____
Robert A. Eberle

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
| Notarial Seal |
| Mary Louise McGaffin, Notary Public |
| City Of Pittsburgh, Allegheny County |
| My Commission Expires Oct. 14, 2007 |

Member, Pennsylvania Association Of Notaries

5