IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM F. LUNDER, | ) | Docket No. 04-278E |
| | ) | (Judge Maurice B. Cohill, Jr.) |
| Plaintiff | ) | |
| | ) | ELECTRONICALLY FILED PLEADING |
| vs. | ) | |
| | ) | |
| MOTION CONTROL INDUSTRIES, | ) | DEFENDANTS' MEMORANDUM IN |
| DIVISION OF CARLISLE | ) | OPPOSITION TO PLAINTIFFS' CROSS- |
| CORPORATION, RETIREMENT PLAN | ) | MOTIONS FOR SUMMARY JUDGMENT |
| FOR BARGAINING UNIT EMPLOYEES | ) | |
| OF MOTION CONTROL INDUSTRIES, | ) | Filed on behalf of:  Defendants |
| DIVISION OF CARLISLE | ) | |
| CORPORATION, | ) | Counsel of record for this party: |
| | ) | Richard A. Lanzillo, Esq. |
| Defendants | ) | Knox McLaughlin Gornall |
| | ) | & Sennett, P.C. |
| | ) | 120 West 10th Street |
| | ) | Erie, PA 16501 |
| | ) | Telephone (814) 459-2800 |
| | ) | Facsimile (814) 453-4530 |
| | ) | Email rlanzillo@kmgslaw.com |
| | ) | PA53811 |
| | ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
CROSS-MOTIONS FOR SUMMARY JUDGMENT**

**INTRODUCTION**

It is undisputed that none of the six plaintiffs in these related cases[1] exhausted

their administrative remedies before filing their respective lawsuits.  Two of the plaintiffs,

William F. Lunder and Paul L. Plyler, successfully obtained and submitted applications for

disability pension benefits, but opted not to submit an appeal to the benefits Committee after

their claims were denied.  The four remaining plaintiffs, Glenn H. Olay, Henry M. Hearne,

---

[1]    Plaintiffs are Glenn H. Olay (C.A. No. 04-266E), Henry M. Hearne (C.A. No. 04-276E), Paul L. Plyler
(C.A. No. 04-277E), William F. Lunder (C.A. No. 04-278E), Lynn A. Rhodes (No. 04-279E), and Terry K.
Rockwell (C.A. No. 04-280E).

Lynn A. Rhodes, and Terry K. Rockwell, did not even file initial claims for benefits let alone appeals to the benefits Committee.

In an effort to excuse their failure to exhaust their administrative remedies, plaintiffs contend that their resort to these remedies would have been futile.  However, plaintiffs offer no evidence whatsoever that the benefits Committee would not have addressed their claims had they pursued their appeal rights under the Plan.  Instead, one of the plaintiffs, Glenn Olay, has filed an affidavit asserting that a former Motion Control employee refused to provide him with an application for benefits.  However, this contention is both legally insufficient to support a finding of futility and belied by the fact that other plaintiffs successfully obtained and submitted applications for benefits.  In the final analysis, it is apparent that the plaintiffs are attempting to avoid the administrative process that vests the benefits Committee with broad discretion to interpret the Plan and to decide claims for benefits.

Plaintiffs also asserted that this Court has the authority to ignore the long-settled arbitrary and capricious standard of review that applies to decisions of Plan administrators and to interpret the Plan and decide their claims for benefits de novo.  This argument has no support in law or in the facts of this case.  The United States Supreme Court and the courts of this circuit have uniformly recognized the discretion and expertise of Plan administrators, such as the benefits Committee, to interpret their own ERISA plans and to determine claims for benefits.

Finally, if the Court were to reach the merits of plaintiffs' benefit claims (which defendants respectfully submit would be improper in these cases), plaintiffs' claims would still fail as a matter of law.  The Plan provision at issue requires the Committee to determine whether the claimant's employment terminated "because of a disability."  Plaintiffs take this straightforward provision and invite the Court to adopt a tortured and convoluted approach to

justify awards of Disability Retirement benefits.  Neither the Plan nor the facts of these cases can sustain plaintiffs' proposed analysis or result.

## II.    MATERIAL FACTS[2]

Plaintiffs have adopted a type of "one for all and all for one" approach to their respective motions for summary judgment.  Where convenient, one or more adopt the position of other plaintiffs despite the fact that the facts surrounding their own claim differ materially from those of their brethren.  This approach is most apparent regarding the plaintiffs' position that a former employee denied them benefit applications.  At the outset, it must be noted that the "evidence" regarding this claim is far less than plaintiffs' briefs would lead one to believe.  Only plaintiff Olay submitted affidavits asserting this position.  While plaintiffs' counsel has submitted an affidavit stating that other employees have told him similar stories, none of these other employees has submitted an affidavit to support this hearsay assertion.  Moreover, plaintiffs make no effort to explain how it is that a number of them successfully obtained and submitted applications for benefits despite the alleged refusal of Motion Control to provide or accept such applications.  Finally, as a matter of law, this assertion by plaintiff Olay does not support the relief requested by plaintiffs.

In addition, plaintiffs devote considerable attention to correspondence between counsel for Motion Control and plaintiffs' counsel.  This discussion also does nothing to support plaintiffs' claims.  In his correspondence to plaintiffs' counsel, counsel for Motion Control explained the basis for the denial of the two claims for Disability Retirement benefits that plaintiffs' counsel had raised in his correspondence.  Further, counsel for Motion Control made it

---

[2]    Defendants incorporate by reference their Concise Statement of Material Facts and supporting Exhibits to their original motions for summary judgment in these cases.

perfectly clear that Motion Control would not waive the requirement that plaintiffs exhaust their administrative remedies under the Plan.

## III.   ARGUMENT

    **A.   Plaintiff's did not exhaust their administrative remedies and have failed even to approach the level of proof necessary to support a finding of futility.**

       Plaintiffs do not dispute that they failed to exhaust their administrative remedies. Indeed, their brief specifically states: "Admittedly, nearly none of the [required] administrative requirements took place prior to filing this lawsuit." (Plaintiffs' Brief in Support of Cross-Motion for Summary Judgment, p. 11). This failure precludes review of plaintiffs' claims by this Court. "[A] federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." Harrow v. Prudential Ins. Co. of Am., 26 F. Supp.2d 558, 561 (D.N.J. 1999).

       In an attempt to avoid this well-established and strictly enforced requirement, plaintiffs allege that their failure to exhaust administrative remedies should be excused because resort to the Plan's administrative appeal process would have been futile. This argument is unsustainable based on the law and the facts.

       Futility, in the context of ERISA exhaustion, is a relatively well-developed concept. The threshold to support a claim of futility is extremely high under Third Circuit precedent. The plaintiff must "'show that it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision.'" Harrow v. Prudential Ins. Co. of Am., 279 F.3d 244, 249 (3d Cir. 2002) (emphasis supplied), quoting Fallick v. Nationwide Mut. Ins. Co., 162 F.3d 410, 419 (6th Cir. 1998). "Given the policies underlying the exhaustion requirement, including reducing frivolous lawsuits and promoting efficient

management of ERISA plans, courts have been reluctant to grant the [futility] exception."

Menendez v. United Food & Commercial Workers Local 450T, AFL-CIO, No. 05-CV-1165,

2005 WL 1925787, *2 (D. N.J., August 11, 2005).  Therefore, a plaintiff claiming "waiver of the

exhaustion requirement" must "provide a clear and positive showing of futility."  Harrow, 279

F.3d at 249.  Plaintiffs have made no such showing in this case.

      In applying this high standard, courts look to the following factors, which are

given different weight depending on the facts and circumstances of each case:

> (1) Whether plaintiff diligently pursued administrative relief;
> (2) whether plaintiff acted reasonably in seeking immediate
> judicial review under the circumstances; (3) existence of a fixed
> policy denying benefits; (4) failure of the insurance company to
> comply with its own internal administrative procedures; and
> (5) testimony of plan administrators that any administrative appeal
> was futile.

Harrow, 279 F.3d at 250.

      None of the forgoing factors favor invocation of the futility doctrine in this case.

In evaluating the plaintiffs' "diligence in pursing administrative relief" and the "reasonableness

of their seeking immediate judicial relief," it is critical to note that the Motion Control Plan has

two administrative levels.  The claimant first submits his or her benefit claim to the Plan at the

local company level.  If the claim is denied or, if the claimant is otherwise dissatisfied with the

decision at the local level, he or she then has the right to appeal the denial or other decision to the

benefits Committee, which is comprised of members drawn from a broad base within Carlisle

Corporation.

      The plaintiffs in the pending cases fall into two categories:  (1) plaintiffs who

filed claims at the local company level, but elected not to take an appeal to the Committee from

the initial denial of their claims[3], and (2) plaintiffs who did not even bother to submit a claim at

the local level let alone submit an appeal to the Committee.[4]  Further, to the extent that the

correspondence from plaintiffs' counsel to counsel for Motion Control can be construed as some

sort of group claim at the initial company-level, the final letter from Motion Control's counsel

clearly explained that the claim was denied and the reasons for the denial.  Motion Control's

counsel's letter of April 20, 2004 also unambiguously advised Attorney Eberle and his clients

that Plan exhaustion requirements would not be waived.  Notwithstanding this notice, plaintiffs

opted to forego their right to appeal to the Committee and, instead, elected to file their respective

lawsuits pending before this Court.

        In support of their futility argument, the plaintiffs filed a single cross-motion for

summary judgment and did not even attempt to reconcile or differentiate among their respective

circumstances.  As to each plaintiff, however, it is clear that he or she did not diligently pursue

administrative relief and that the decision of each to seek immediate judicial relief was not

reasonable.

        Plaintiffs Lunder and Plyler each submitted a separate application for Disability

Retirement benefits and each received a denial letter.  Nevertheless, neither Lunder nor Plyler

submitted an appeal to the Committee.  Lunder and Plyler **offer no explanation whatsoever for

this failure.**  In other words, these plaintiffs have not provided the Court with a shred of

evidence to support a finding that pursuit of the administrative appeal remedies granted them

---

[3]     This group of plaintiffs is comprised of Lunder and Plyler.  After the closure of the Ridgway facility,
plaintiffs Lunder and Plyler applied for Disability Retirement benefits under the Plan, and each was
notified in writing by separate letters dated August 7, 2003 from the Division Human Resources Manager
for Motion Control that his claim had been denied.  (See Defendants' Concise Statement of Material Facts
¶¶5-6 and supporting Exhibit D to No. 04-278E and Defendants' Concise Statement of Material Facts ¶¶5-6
and supporting Exhibit D to No. 04-277E).

under the Plan would have been futile.  Thus, these plaintiffs never even gave the Committee the

opportunity to hear their challenge to the initial denial of their claims.  Under well-established

ERISA law, however, each plaintiff asserting futility is required to "'<u>show that it is certain that</u>

<u>his claim will be denied on appeal, not merely that he doubts that an appeal will result in a</u>

<u>different decision</u>.'"  <u>Harrow</u>, 279 F.3d at 249 (citation omitted).  Plaintiffs' own submissions to

this Court make it clear that none of the plaintiffs can make such a showing.

        The claims of plaintiffs Hearne, Olay, Rhodes and Rockwell are in an even

weaker posture than those of Lunder and Plyler.  Hearne, Olay, Rhodes and Rockwell did not

even submit a claim for benefits at the initial company level.  Instead, they opted to proceed

directly to federal court to initiate their claims.  The only case relied upon by the plaintiffs in

support of their actions is <u>Berger v. Edgewater Steel Co.</u>, 911 F.2d 911 (3d Cir. 1990).  <u>Berger</u>,

however, is clearly distinguishable from the present cases.  In <u>Berger</u>, a member of the Pension

Board responsible for hearing appeals from denials of claims for benefits testified that any appeal

from the initial denials of the plaintiffs' claims would be futile.  911 F.2d at 917.  In contrast to

the facts of <u>Berger</u>, there is no evidence in any of the pending cases to support a finding that an

appeal to the benefits Committee would have been futile.  Moreover, in <u>Berger</u>, the Court made

clear that any assertion of futility is simply not possible unless the plaintiff filed an initial claim

for benefits.  <u>Id.</u>  In <u>Berger</u>, the Court held that a plaintiff who failed to submit a request for

pension benefits was "precluded from seeking judicial relief on his claims seeking to enforce the

terms of the Plan."  <u>Id.</u>

---

<sup>4</sup>      This group of plaintiffs is comprised of Hearne, Olay, Rhodes and Rockwell.  None of these plaintiffs
submitted a claim for benefits or an appeal to the Committee.

Olay (and *no other* plaintiff) has submitted an affidavit stating that a former Motion Control employee named Norm Tarbell declined to provide him with a benefits claim application. Olay's assertion cannot withstand scrutiny based on the documentary evidence in the record demonstrating that plaintiffs Lunder and Plyler each obtained and submitted benefit applications. In the final analysis, plaintiffs' scant "evidence" of futility, even if accepted for purposes of discussion, falls woefully short of the high standard necessary to prove futility and avoid the required strict enforcement of the exhaustion requirement.

As stated above, plaintiffs rely on a single case in support of their futility argument – Berger. This reliance is not surprising because Berger is one of the very few cases in which a Court in this circuit has accepted, even in part, a futility argument. In fact, courts in this circuit repeatedly refer to the strict enforcement of the exhaustion requirement, the heavy burden faced by a plaintiff in arguing futility, and the reluctance of courts to accept futility as a basis for waiving exhaustion. See, e.g., Harrow v. Prudential Ins. Co. of Am., 76 F.Supp.2d 558, 562 (D. NJ., 1999) ("[I]n the Third Circuit, proof of futility is a very high threshold for a plaintiff to meet") affirmed by, Harrow, 279 F.3d at 250; Kimble v. International Broth. of Teamsters, Teamsters Health and Welfare Fund of Philadelphia and Vicinity, 826 F.Supp. 945, 947 (E.D. Pa., 1993) ("[Plaintiffs] must show that it is **certain** that their claim will be denied on appeal, not merely that they doubt an appeal will change the decision." (emphasis added)); Menendez, 2005 WL 1925787 at *2 ("courts have been reluctant to grant the [futility] exception").

In addition to the volume of judicial authority cutting against the plaintiffs' position, Berger is wholly distinguishable from the facts of these cases. In Berger, the record demonstrated that the company maintained a "fixed policy" to deny "70/80 pension benefits" regardless of the particular circumstances of the individual employee, and a member of the

Pension Board testified that an appeal from the denial of benefit under this fixed policy would be futile. Under these very unique circumstances the Court found that exhaustion was excused as to some, but not all, of the plaintiffs in that case. 911 F.2d at 916-17. In finding futility as to some of the plaintiffs, the Court held that the testimony of a member of the Pension Board that "any administrative appeal was futile" was "particularly significant." Id. at 917.

The plaintiffs' in these case have made no comparable evidentiary showing. In essence, the plaintiffs' futility argument is based on a single letter from counsel for Motion Control (the "April 20, 2004 Response"). The April 20, 2004 Response was written in response to a request for benefits submitted on behalf of Rockwell and Donald A. Davido, who is not a party to this action. (the "March 23, 2004 Letter") In the March 23, 2004 Letter, plaintiffs' counsel makes two requests. First, he requests that the Company provide disability benefits to Rockwell and Davido. Second, in the event the Company is not going to provide those benefits, he asks, "will the Company require [Rockwell and Davido] to bring administrative claims before pursuing a remedy in federal court under ERISA."

In his April 20, 2004 Response, counsel for Motion Control addressed both of these questions. First, counsel for Motion Control accurately identifies the fact that Rockwell and Davido were requesting disability benefits based upon alleged disabilities that began in or after May, 2002. Based upon this onset date, counsel for Motion Control came to the unavoidable conclusion that Rockwell and Davido's employment did not "terminate because of disability" and, therefore, they did not qualify for disability benefits. Rockwell and Davido, along with the other plaintiffs, were terminated on January 11, 2002 and received WARN Act payments through March 16, 2002. Rockwell and Davido's alleged disabilities did not begin until May, 2002 – two months after they received their last WARN Act payment and 5 months

after they stopped working at Motion Control.  Therefore, there can be no question that their employment did not terminate "because of a disability."

Plaintiffs argue that this conclusion represented a blanket denial of all of their claims.  However, this conclusion addressed only the alleged factual basis surrounding Rockwell and Davido's employment and alleged disabilities.  Far from the evidence presented in Berger, in which plan administrators testified to the unwavering blanket stance of the company to deny the benefits at issue, the April 20, 2004 Response is a denial letter for Rockwell and Davido based upon their particular circumstances.  It is well established that simply being denied benefits is not sufficient to establish futility.  Harrow, 279 F.3d at 251.

The April 20, 2004 Response goes further in showing the lack of support for plaintiffs' futility argument.  Based on the March 23, 2004 Letter, it is clear that plaintiffs counsel was actively seeking a way to avoid the required administrative process.  He goes so far as to specifically ask whether Motion Control will waive the requirement that Rockwell and Davido exhaust their administrative remedies.  Motion Control refused.  In direct response to plaintiffs' counsels' request, counsel for Motion Control stated, "I do not have authorization to waive any requirement that administrative claims be filed, so, if your clients are insistent on pursing this despite the above information [related to the fact that their employment did not terminated because of a disability], you should proceed accordingly."  The exchange is essential to properly analyzing the plaintiffs' futility argument.  The plaintiffs, and their counsel, understood that there was an administrative process, and they also understood that simply writing a letter to Counsel for Motion Control did not exhaust that process.  Thus, plaintiffs made conscious decisions to forego the administrative claim and appeal process.

Plaintiffs' futility argument is analogous to the argument rejected by the Third Circuit in Harrow.  In Harrow, the plaintiff sought reimbursement from his health insurance company for his purchase of Viagra.  The plaintiff purchased Viagra and, at the time of purchase, was told by the pharmacist that his insurance company, Prudential, did not cover the drug.  The plaintiff's wife then directly contacted Prudential regarding the claim for reimbursement and was instructed that the plaintiff's plan did not cover Viagra because it was a new drug.  Plaintiff was not told about his appellate rights during this contact and was not issued a written denial. Plaintiff did not make any further claims to Prudential but, instead, filed suit under ERISA one month after receiving this denial.  Approximately two months after the plaintiff filed suit, Prudential announced that it would not provide coverage for Viagra.  Id. at 251.  The Third Circuit affirmed the District Court's holding that the plaintiff's failure to exhaust his administrative remedies was not excused based on futility.  Id. at 252.  The Court first observed that in order to successfully claim futility, a plaintiff must present clear evidence that "it is certain his claim will be denied on appeal."  Id. at 250.  (citations omitted).  The Court then went on to affirm the District Court's holding that "[m]aking one step which could be construed as an initial complaint does not constitute exhaustion . . . [plaintiff never] pursued any appellate procedures with Prudential."  Id. at 252.  The Court came to this conclusion despite the fact that one month after the plaintiff filed suit, Prudential announced a blanket policy to deny coverage for Viagra.

In the instant cases, four of the plaintiffs failed to submit even an initial claim for benefits and the two others submitted claims, but then opted not to appeal the denials of those claims to the benefits Committee.  Even more compelling than in Harrow, counsel for Motion Control expressly stated in his letter to plaintiffs' counsel that Motion Control would not waive

exhaustion.  There is also no evidence that Motion Control adopted a blanket policy of denying

Disability Retirement benefits.  To the contrary, the evidence shows that any claim submitted to

Motion Control was addressed on its own merits based upon the particular circumstance of that

claimant.  .

Plaintiffs have not presented any evidence to support their futility claims.  They

clearly have not shown that their claims would have been denied if they had proceeded through

the required administrative appeal process.  While the plaintiffs may prefer a federal court forum

to bring present their Disability Retirement benefit claims, the courts of this Circuit have left no

doubt that the administrative path must be followed in order to preserve the important principles

underlying ERISA.  Plaintiffs did not exhaust their administrative remedies and, therefore, their

claims fail as a matter of law.

      **B.**     **The decision to deny Disability Retirement benefits under the Plan was not arbitrary and capricious and, therefore, must be sustained.**

In the event this Court does not hold the plaintiffs to the strictly enforced

exhaustion requirements that apply in this Circuit, then the Court must review Motion Control's

denial of those claims that were submitted under an arbitrary and capricious standard of review.

Bill Gray Enterprises, Inc. Employee Health and Welfare Plan v. Gourley, 248 F.3d 206, 216 (3d

Cir. 2001).  "The Supreme Court has directed courts to review a self-funded ERISA plan's

interpretation of its contracts governing benefit payments under an arbitrary and capricious

standard."  Id. citing Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101 (1989).  Despite this

well-established precedent, and their own admission that this case would normally involve

arbitrary and capricious review, the plaintiffs argue that this Court should review the denial of

their claims under a *de novo* standard.

"De novo review of a denial of benefits is appropriate only when a plan administrator has no 'discretionary authority to determine eligibility for benefits or to construe the terms of the plan.'" Romero v. SmithKline Beecham, 309 F.3d 113, 118 (3d Cir. 2002) quoting Fireston, 489 U.S. at 115. Plaintiffs admit that the Plan at issue in this case provided the Plan administrators with discretionary authority to determine eligibility for benefits. (Plaintiffs' Brief in Support of Motion for Summary Judgment, p. 12). Therefore, under controlling precedent, this Court must review Motion Control's denial of plaintiffs' claims using an arbitrary and capricious standard of review.

Plaintiffs' attempt to circumvent the arbitrary and capricious standard is meritless. Plaintiffs claim that while this action would "normally" involve arbitrary and capricious review of the underlying denial, this case followed a "different trajectory." In support of this "different trajectory" argument, plaintiffs cite to a non-precedential, unpublished case out of the Fourth Circuit. Riggs v. A.J. Ballard Tire & Oil Co., Inc. Pension Plan and Trust, 1992 U.S. App. LEXIS 31134 (4th Cir. 1992). Riggs has nothing to do with the standard of review that must be employed in addressing the denial of benefits under an ERISA plan. Instead, Riggs addressed a situation where the plaintiffs' repeated claims for benefits were simply ignored, with no denials or other decision rendered. Id. Absent a decision to review, the court determined that it had to address the plaintiffs' entitlement to benefits "in the first instance." Id. Riggs has nothing to do with the appropriate standard that must be employed in the instant case, where any claim submitted by a plaintiff was specifically addressed and ultimately denied. Riggs also has no precedential value in this circuit or even in its home circuit. The Third Circuit and United States Supreme Court have clearly and repeatedly held that courts must employ an arbitrary and capricious standard in addressing cases like the instant cases. Plaintiffs' attempt to use Riggs to

avoid this well-established law and the required arbitrary and capricious standard of review is baseless.

Motion Control's denial of those claims that were actually submitted by the plaintiffs was far from arbitrary and capricious -- it was correct. The language and application of the Plan to this matter is unambiguous and straightforward. Assuming an employee has satisfied all other vesting requirements, the Plan provides that employee Disability Retirement benefits in the event his "employment is terminated because of a disability." From this uncomplicated phrase, plaintiffs attempt to argue that this Court must consider factors such as employee seniority rights, WARN Act payments and other labor contract issues to determine when and how the plaintiffs' employment terminated. This is tantamount to analyzing Newton's theories of physics to determine if an apple fell on your head.

The employment of each plaintiff terminated because the Ridgway plant closed. The language of the Plan asks the basic question: why did an employees' employment terminate? If termination was because of a disability, that employee may be eligible for Disability Retirement benefits. Here, each plaintiff's employment terminated because the Ridgway facility closed. Upon the closure of the plant, no plaintiff had no position to which to return.

There is nothing more to this analysis. Regardless of whether the onset date of the employee's alleged disabilities was January 11, 2002, March 16, 2002 or yesterday, their employment did not terminate because of that alleged disability. Therefore, under the plain language of the Plan, the employees are not eligible for disability retirement benefits. Motion Control's decision to deny those benefits was correct under the Plan and was certainly not

arbitrary and capricious.  Therefore, the plaintiffs are not entitled to summary judgment and

Motion Control's motion for summary judgment should be granted.

IV.     **CONCLUSION**

   For the reasons discussed above, defendants respectfully request that the Court enter summary judgment in their favor and dismiss plaintiff's Complaint.  No genuine issue of material fact remains for trial and defendants are entitled to judgment as a matter of law.

       Respectfully submitted,

       KNOX McLAUGHLIN GORNALL &
       SENNETT, P.C.


DATE:  April 28, 2006     By: Richard A. Lanzillo /s/___
       Richard A. Lanzillo
       PA53811
       Neal R. Devlin
       PA89223
       120 West Tenth Street
       Erie, PA  16501-1461
       Telephone: (814) 459-2800
       Fax: (814) 453-4530
       Email:  rlanzill@kmgslaw.com

       Attorneys for Defendants, Motion
       Control Industries, Division of
       Carlisle Corporation, Retirement
       Plan for Bargaining Unit Employees
       of Motion Control Industries,
       Division of Carlisle Corporation

# 668954